UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIM THIBODEAUX** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-5949** |
| **STATE FARM MUTUAL INSURANCE COMPANY, ET AL.** | * | **SECTION "L"(5)** |

### ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 7). For the following reasons, the Plaintiff's motion is now DENIED.

**I.    BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's home located at 7201 Lake Barrington Drive in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are State Farm Fire and Casualty Company ("State Farm"),[1] the Plaintiff's homeowner's and flood insurance carrier, and Chris Caramonta, a State Farm agent. The Plaintiff's flood insurance policy was issued pursuant to the National Flood Insurance Program.[2]

In August of 2006, the Plaintiff filed the present action in Civil District Court for the Parish of Orleans, State of Louisiana. The Plaintiff alleges that she is entitled to payment from

---

[1] The Defendant was improperly named as State Farm Mutual Insurance Company in the petition.

[2] Congress created this Program with the passage of the National Flood Insurance Act of 1968, Pub. L. No. 90-448, §§ 1301-1377, 82 Stat. 476, 572-89 (codified at 42 U.S.C. §§ 4001-4129).

State Farm for damages and losses to the property (including damage to her swimming pool), in addition to additional living expenses and bad-faith penalties under Louisiana law. Specifically, she alleges that State Farm has "refused to sufficiently make plaintiff whole under either policy." Alternatively, the Plaintiff alleges that Caramonta negligently failed to procure sufficient insurance.

The Defendants removed this case to federal court on September 14, 2006, contending that this Court has jurisdiction under any of the following provisions: (1) federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 4072; (2) diversity jurisdiction under 28 U.S.C. § 1332, because Caramonta is improperly joined and the amount in controversy exceeds $75,000; (3) the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369; or (4) the Federal Officer Removal Statute, 28 U.S.C. § 1442.

On October 13, 2006, the Plaintiff filed the instant motion to remand. Attached to her motion to remand, the Plaintiff submits a "stipulation" in which she informs the Court that she has been paid in full under the flood policy and "waive[s] any and all future claims relating to [the] NFIP policy, excepting my State Farm's agents failure to properly procure sufficient coverage on my behalf." The Plaintiff's stipulation also states that the "total amount of compensation which I am seeking in this legal suit . . . does not exceed $75,000."

**II.    LAW & ANALYSIS**

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed,

"doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

In this matter, "[State Farm] is sued not just as the issuer of a private homeowner's policy, but also as the issuer of a federal flood insurance policy." *Breakthrough Realty Unlimited, LLC v. Minor*, No. 06-2420, 2006 WL 2224753, at *2 (E.D. La. Aug. 2, 2006). The National Flood Insurance Act grants federal courts original exclusive jurisdiction over lawsuits against the Director of FEMA for denials of claims made by insured individuals under their Standard Flood Insurance Policy ("SFIP"). *See* 42 U.S.C. § 4072. Section 4072 has been held to also apply to suits against private insurers who issue SFIPs under the Write Your Own Program. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir. 2005); *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 532-36 (E.D. La. 2006).[3]

Courts in the Eastern District have consistently found that federal question jurisdiction exists when the plaintiff's claim relates to the handling of an SFIP. *See, e.g., Newman v. Allstate Ins. Co.*, No. 06-3757, 2006 WL 2632116 (E.D. La. Sept. 12, 2006); *Breakthrough Realty Unlimited, LLC v. Minor*, No. 06-2420, 2006 WL 2224753 (E.D. La. Aug. 2, 2006). But federal question jurisdiction does not exist when the plaintiff's claim relates only to the procurement of such a policy. *See, e.g., Landry*, 428 F. Supp. 2d at 532-36; *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566, at *3-5 (E.D. La. Sept. 20, 2006).

---

[3] For a detailed discussion of the National Flood Insurance Act and SFIPs, see *Houck v. State Farm Fire & Casualty Co.*, 194 F. Supp. 2d 452, 454-55 (D.S.C. 2002).

In this case, the Plaintiff alleges that she has not been paid under either her homeowner's policy *or* SFIP.  Although the Plaintiff's post-removal affidavit attempts to destroy federal jurisdiction, the Court must resolve the motion to remand "by reference to Plaintiff's pleading at the time of removal."  *Texas v. Alliance Employee Leasing Corp.*, 797 F. Supp. 542, 544 (N.D. Tex. 1992); *see also Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116 (5th Cir. 1979) ("Whether the case was properly removed is determined by reference to the allegations in a plaintiff's state court pleading.").  Thus, the Court finds that the Plaintiff has asserted claims related to the handling of an SFIP, and thus that federal question jurisdiction exists in this case.[4]

### III.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand is DENIED.

New Orleans, Louisiana, this __13th__ day of __February__, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[4] Accordingly, the Court need not address State Farm's alternative theories of federal jurisdiction.