UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIM THIBODEAUX** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 06-5949** |
| **STATE FARM MUTUAL INSURANCE COMPANY AND CHRIS CARAMONTA** | * | **SECTION "L"(5)** |

### ORDER AND REASONS

On February 13, 2007, the Court issued an Order and Reasons (Rec. Doc. 22) denying the Plaintiff's Motion to Remand. The Plaintiff then asked the Court to reconsider its Order and Reasons denying remand (Rec. Doc. 23) and, on February 28, 2007, the Plaintiff filed a voluntary motion to dismiss the Plaintiff's claims against Defendants State Farm Fire and Casualty Company ("State Farm") and agent Chris Carmotta related to payment or handling of the Plaintiff's flood insurance policy issued pursuant to the National Flood Insurance Program. The Court subsequently granted the motion to dismiss (Rec. Doc. 25). However, the Plaintiff's claim against Mr. Carmotta for failure to procure sufficient flood insurance and the claim against State Farm for failure to pay under the Plaintiff's separate homeowners' insurance policy remain.

The Court finds that it no longer has no jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 4072, nor does jurisdiction exist under any of the other provisions that State Farm contends impart the Court with jurisdiction in this case: (1) diversity jurisdiction under 28 U.S.C. § 1332, because Carmotta is improperly joined and the amount in controversy exceeds $75,000; (2) the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369; or (3) the Federal Officer Removal Statute, 28 U.S.C. § 1442. As no basis for jurisdiction exists, the Court

GRANTS the Plaintiff's Motion for Reconsideration and REMANDS the case back to the Civil District Court for the Parish of Orleans, Louisiana. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988) (affirming district court authority to remand removed case when only pendent state law claims remain).

## I.     Federal Question Jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 4072

In its Order and Reasons addressing the Plaintiff's Motion to Remand, the Court found that federal question jurisdiction existed because the Plaintiff's claims related to payments and the handling of a Standard Flood Insurance Policy. However, as these claims have been dismissed, the Court finds that federal question jurisdiction no longer exists under 28 U.S.C. § 1331 and 28 U.S.C. § 4072.[1] The Plaintiff's remaining claim related to the flood insurance policy concerns only procurement, which does not impart the Court with federal question jurisdiction. *See, e.g., Landry*, 428 F. Supp. 2d at 532-36; *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566, at *3-5 (E.D. La. Sept. 20, 2006).

## II.    Diversity Jurisdiction

State Farm contends that the Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiff and the properly joined Defendant, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Specifically, State Farm asserts that diversity of citizenship exists because Carmatta, the non-diverse defendant, was improperly joined and, therefore, that the Court must disregard the citizenship of this defendant. "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205

---

[1] The Court notes that the Plaintiff had a meritorious reason to seek dismissal of her claims related to payment and handling of her flood insurance policy, as she asserts that she has already been paid in full under the policy and is not entitled to any further payment or benefits.

(5th Cir. 1983).  The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.  This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

     State Farm asserts that the Plaintiff's claims against Carmatta are time-barred pursuant to La. Rev. Stat. § 9:5606, which establishes a three-year peremptive period for actions against insurance agents.  Pursuant to this statute, if the plaintiff does not file suit within three years from the date of the alleged act, omission, or neglect, her claim must be dismissed.  Moreover, if the plaintiff does not file suit within one year from the date the alleged act, omission, or neglect is or should have been discovered, the claim must be dismissed.  In this case, State Farm argues that the preemptive period commenced in 1991 when the Plaintiff purchased her original flood insurance policy.[2]  Without further factual development, the Court cannot conclude that the Plaintiff has no possibility of recovery against the in-state defendant in this case.  *See, e.g., Maco Serv., Inc. v. Allstate Ins. Co.*, No. 06-8117, 2006 WL 3905002 (E.D. La. Dec. 18, 2006); *S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006).  Accordingly, the Court finds that Carmatta was not improperly joined and, thus, that

---

    [2]It is unclear from the pleadings what year the Plaintiff is alleged to have purchased her homeowners insurance policy.

diversity jurisdiction does not exist in this case.  *See, e.g., Alfonso v. State Farm Ins. Co.*, No. 06-6691, 2007 WL 119463 (E.D. La. Jan. 10, 2007).[3]

### III.    Multiparty, Multiforum Trial Jurisdiction Act

State Farm also asserts that federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").  State Farm contends that removal was proper (1) pursuant to 28 U.S.C. § 1441(e)(1)(A) because this action could have been brought in a United States district court under 28 U.S.C. § 1369 and/or (2) pursuant to 28 U.S.C. § 1441(e)(1)(B) because the Defendant is a party to other actions in this district which were or could have been brought under 28 U.S.C. § 1369.

Section 1369 creates original federal jurisdiction over "any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location."  28 U.S.C. § 1369(a).  The Eastern District has consistently found that the MMTJA does not confer federal jurisdiction over cases arising out of Hurricane Katrina, in part because the requisite number of deaths did not occur at a "discrete location."  *See, e.g., Case v. ANPAC La. Ins. Co.*, ___ F. Supp. 2d ___, 2006 WL 3615064, at *6-15 (E.D. La. Dec. 11, 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006).  This Court agrees and finds that the MMTJA does not confer federal jurisdiction in this case.

### IV.    Federal Officer Removal Statute

Alternatively, State Farm asserts that removal was proper pursuant to the Federal Officer

---

[3] Having found that diversity of citizenship does not exist, the Court need not consider whether the amount-in-controversy requirement has been satisfied.

Removal Statute, 28 U.S.C. § 1442(a)(1), which provides in pertinent part:

> (a)  A civil action . . . commenced in a State Court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1)  The United States . . . or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . .

The purpose of this statute is to provide a federal forum in cases where federal officials are entitled to raise a defense arising out of their official duties.  *See Arizona v. Manypenny*, 451 U.S. 232, 241 (1981).  Though generally remand to state court is favored when removal jurisdiction is questionable, removal jurisdiction under the Federal Officer Removal Statute must be broadly construed.  *See Willingham v. Morgan*, 395 U.S. 402, 407 (1969).  Indeed, the Court must interpret the statute liberally, resolving any factual disputes in favor of federal jurisdiction.  *See Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992).

Removal is proper pursuant to § 1442(a)(1) if the removing party (1) is a "person," (2) that acted under color of federal authority when committing the allegedly tortious conduct, and (3) can assert a colorable federal defense.  *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387 (5th Cir. 1998) (applying three-part test elucidated by the United States Supreme Court in *Mesa v. California*, 489 U.S. 121 (1989)).

In this case, State Farm "has done little more than assert that federal regulations govern flood insurance.  [It] has not established a nexus between such regulation and the specific conduct on which plaintiff's claim is based."  *See Rizzuto v. Bianchini*, No. 06-6883, 2006 WL 3332832, at *5 (E.D. La. Nov. 14, 2006) (citing *Winters*, 149 F.3d at 399).  Accordingly, the

Court finds that the Federal Officer Removal Statute does not confer jurisdiction in this case.[4]

## V.  Conclusion

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion for Reconsideration is GRANTED and that this matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this __4th__ day of ____May____, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[4] The United States Supreme Court has agreed to address the question of "[w]hether a private actor doing no more than complying with federal regulation" is entitled to remove a civil action brought in state court under state law to federal court pursuant to the Federal Officer Removal Statute. *See Watson v. Philip Morris Cos., Inc.*, 420 F.3d 852 (8th Cir. 2005), *cert. granted*, 74 U.S.L.W. 3588, 2007 WL 80665 (U.S. Jan. 12, 2007) (No. 05-1284).  Although it can be argued that the Federal Officer Removal Statue is currently easier to invoke in the Fifth Circuit than in several other Circuits, see *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424 (11th Cir. 1996) (asking whether the private party was acting in an official capacity in enforcing federal law), *Venezia v. Robinson*, 16 F.3d 209 (7th Cir. 1994) (same), *Camacho v. Autoridad de Telefons de Puerto Rico*, 868 F.2d 482 (1st Cir. 1989) (same), the Court nevertheless finds that, under *Winters*, the private party in this case was not "acting under" a federal officer for purposes of the statute.